UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Jabbar Straws**, | ) C/A No. 4:06-2475-HFF-TER |
| Plaintiff, | ) |
| vs. | ) Report and Recommendation |
| Lexington County Sheriff's Department; | ) |
| Lexington County 11th Judicial Circuit Court; | ) |
| Sheriff James R. Metts; | ) |
| Clerk of Court Beth Carrigg; | ) |
| Judge R. Knox McMahon; | ) |
| Lawrence G. Wedekind, Assistant Solicitor, 11th Judicial Circuit, | ) |
| Defendants. | |

_____

The plaintiff, Jabbar Straws (Plaintiff), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is an inmate at Lee County Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC), and files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names as defendants Sheriff James R. Metts and the Lexington County Sheriff's Department, who Plaintiff alleges incorrectly stored DNA evidence used in his case; the Eleventh Judicial Circuit and Judge R. Knox McMahon, for ruling against him on the issue of ineffectiveness of counsel and forcing him to go to trial with said counsel; Clerk of Court Beth Carrigg, for failing to file a purported "motion for Ineffective Counsel" on May 17, 2006; and Assistant Solicitor Lawrence G. Wedekind, for perjuring himself during a hearing on the ineffective counsel issue on June

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

23, 2006. Plaintiff seeks monetary damages for his mental pain and suffering resulting from the alleged lapses, which resulted in his conviction. Plaintiff has not successfully challenged his conviction or sentence. The complaint should be dismissed for failure to state a claim cognizable in this Court under *Heck v. Humphrey*, 512 U.S. 477, 481-2, 114 S.Ct. 2364, 2371 (1994).

Even if *Heck* did not apply, the defendants are immune from suit, and Plaintiff may not recover damages for mental pain and suffering in the absence of physical injury under 42 U.S.C. 1997e(e).[2]

### *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez,* 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*), *cert. denied*, 516 U.S. 1177 (1996); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The Complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of

---

[2] 42 U.S.C. 1997e(e): "Limitation on recovery: No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."

2

this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii).  A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*.  *Neitzke v. Williams*, 490 U.S. at 319; *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

The Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *Hughes v. Rowe*, 449 U.S. 5 (1980); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. at 519; *Loe v. Armistead*, 582 F. 2d 1291 (4th Cir. 1978); *Gordon v. Leeke*, 574 F. 2d 1147 (4th 1978).  *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. *Hughes v. Rowe*, 449 U.S. at 5.  Even under this less stringent standard, however, the *pro se* Complaint is still subject to summary dismissal.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  *Weller v. Dep't of Soc. Servs.*, 901 F. 2d 387 (4th Cir. 1990).

## Discussion

### 1. Heck v. Humphrey

The Complaint seeks damages for violations of constitutional and civil rights caused by actions of the defendants which allegedly resulted in Plaintiff's conviction, for which he is currently incarcerated.  The § 1983 Complaint is subject to dismissal because it fails to state a claim upon which relief may be granted.  The Supreme Court has held that in order to recover damages for imprisonment in violation of the Constitution, the imprisonment

3

must first be successfully challenged.  *See Heck v. Humphrey*, 512 U.S. 477 (1994).

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id.*, 512 U.S. at 486-87; *See also Edwards v. Balisock*, 520 U.S. 641 (1997)(the preclusive rule of *Heck* extended to § 1983 claims challenging procedural deficiencies which necessarily imply the invalidity of the judgement).

A favorable determination on the merits of Plaintiff's claims in this § 1983 action would require a finding that his imprisonment is invalid.  The United States Supreme Court states that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. at 487.  Establishing the basis for a damages claim in this case, which challenges aspects of his trial, would place in doubt the validity of his conviction.  Plaintiff has not demonstrated that he has successfully challenged the lawfulness of his confinement, so the Complaint must be dismissed.

Until a plaintiff's imprisonment is established as unlawful, an action under 28 U.S.C. § 1983 based on the imprisonment will be barred by the holding in *Heck. Id.*  Because a § 1983 right of action has not yet accrued, the limitations period will not begin to run until

the cause of action accrues. *See Benson v. New Jersey State Parole Board*, 947 F. Supp. 827, 830 & n. 3 (D.N.J. 1996)(following *Heck v. Humphrey*, "[b]ecause a prisoner's § 1983 cause of action will not have arisen, there need be no concern that it might be barred by the relevant statute of limitations"); and *Snyder v. City of Alexandria*, 870 F. Supp. 672, 685-688 (E.D.Va. 1994). The Complaint has not presented a cognizable claim, and should therefore be dismissed.

### 2. Immunity

All of the defendants are immune from suit, and the suit should thus be dismissed at this stage in the proceedings. *See Siegert v. Gilley*, 500 U.S. 226, 114 L.Ed.2d 277, 287, 111 S.Ct. 1789 (1991) (immunity presents a threshold question which should be resolved before discovery is even allowed); and *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (absolute immunity "is an immunity from suit rather than a mere defense to liability").

The Lexington County Sheriff's Department, Sheriff Metts and the Eleventh Judicial Circuit are entitled to summary dismissal based on Eleventh Amendment immunity. The Eleventh Amendment to the United States Constitution divests this court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts, such as a State agency or department, unless the state has waived its immunity from federal court jurisdiction. The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. Amend. XI. *See College Savings Bank v. Florida Prepaid Education Expense*

*Board*, 527 U.S. 666 (1999); *Alabama v. Pugh*, 438 U.S. 781, 782 & nn. 1-2 (1978); *Bellamy v. Borders*, 727 F. Supp. 247, 248-250 & nn. 2-3 (D.S.C. 1989). *See also Harter v. Vernon*, 101 F.3d 334, 338-39 (4th Cir. 1996), *cert. denied*, *Vernon v. Harter*, 521 U.S. 1120 (1997); *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1984) (although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens).

Under *Pennhurst* at 99 & n. 9, a State must expressly consent to suit in a federal district court. The State of South Carolina has not consented to suit in a federal court. *See* South Carolina Tort Claims Act, § 15-78-20(e), South Carolina Code of Laws (statute expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another State). The Eleventh Amendment cannot be overridden by pendent jurisdiction or any other basis of jurisdiction. *Pennhurst* at 121.

The Circuit Court is entitled to Eleventh Amendment immunity, as suit against the Circuit Court is the same as a suit against the state. The Circuit Courts are creations of Article V of the South Carolina Constitution, and as such are entities of the state which enjoy the immunity held by state agencies and other entities.

As to the Sheriff and Sheriff's Department, "(i)t is well established in this state that a sheriff's office is an agency of, and a sheriff 'dominated by,' the state, such that a suit against the sheriff in his official capacity is a suit against the state." *Gulledge v. Smart*, 691

F.Supp. 947 (D.S.C. 1988), *affd.* 878 F.2d 379 (1989). *See also Comer v. Brown*, 88 F.3d 1315, 1332 (4th Cir. 1996) (finding in a suit against Sheriff of Greenville County: ". . . Sheriff Brown is an arm of the State"). Indeed, any damages to Plaintiff, if awarded in this case, would be paid by the South Carolina State Insurance Reserve Fund. *Comer* at 1332. If payment for a federal judgment would affect the state treasury, the officer is immune under the Eleventh Amendment. *Harter* at 336. As a result, Sheriff James R. Metts and the Lexington County Sheriff's Department are entitled to summary dismissal under the Eleventh Amendment.

All of the other defendants are entitled to judicial immunity. The complaint alleges damages resulting from the judge's decision, which is clearly a judicial act triggering judicial immunity. The Supreme Court of South Carolina, the Court of Appeals of South Carolina, Courts of General Sessions, Courts of Common Pleas, Family Courts, Probate Courts, magistrate's courts, and municipal courts are in a unified judicial system. *See* Article V, § 1 of the Constitution of the State of South Carolina ("The judicial power shall be vested in a unified judicial system, which shall include a Supreme Court, a Court of Appeals, a Circuit Court, and such other courts of uniform jurisdiction as may be provided for by general law."); *City of Pickens v. Schmitz*, 297 S.C. 253, 376 S.E.2d 271, 272 (SC 1989); and *Cort Industries Corp. v. Swirl, Inc.*, 264 S.C. 142, 213 S.E.2d 445, 446 (SC 1975).

South Carolina Circuit Court Judges are part of the State of South Carolina's unified judicial system, and therefore have absolute judicial immunity. *See In the Matter of Peeples*, 297 S.C. 36, 374 S.E.2d 674 (SC 1988). Hence, Judge R. Knox McMahon is entitled to summary dismissal in the above-captioned case because he has absolute

judicial immunity with respect to his judicial acts in Plaintiff's criminal case.  *See Mireles v. Waco*, 502 U.S. 9, 116 L.Ed.2d 9, 112 S.Ct. 286 (1991); *Stump v. Sparkman*, 435 U.S. 349, 351-364 (1978); *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987) (a suit by South Carolina inmate against two Virginia magistrates); and *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) ("[i]t has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions").

     The complaint against the assistant solicitor arises out of a hearing, which is clearly connected to judicial proceedings, and thus also subject to judicial immunity.  In South Carolina, regional prosecutors are called Solicitors and Assistant Solicitors. Solicitors are elected by voters of a judicial circuit.  *See* § 24 of Article V, Constitution of the State of South Carolina; and § 1-7-310, South Carolina Code of Laws.  Prosecutors, including defendant Wedekind  (an Assistant Solicitor), have absolute immunity for activities in or connected with judicial proceedings, such as a criminal trial, bond hearings, bail hearings, grand jury proceedings, and pre-trial "motions" hearings.  *See Buckley v. Fitzsimmons*, 509 U.S. 259, 125 L.Ed.2d 209, 113 S.Ct. 2606 (1993); and *Burns v. Reed*, 500 U.S. 478, 114 L.Ed.2d 547, 561-562 & n. 6, 111 S.Ct. 1934 (1991).  The Supreme Court has held that prosecutors, when acting in the scope of their duties, have absolute immunity from damages liability under § 1983 for alleged civil rights violations committed in the course of proceedings that are "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman,* 424 U.S. 409, 430 (1976) at 430.

     The Clerk of Court, Beth Carrigg, is also immune from suit.  The Complaint alleges the Clerk failed to file a purported "motion for Ineffective Counsel" on the date Plaintiff

wanted her to.  But "... immunity applies to all acts of auxiliary court personnel that are 'basic and integral part(s) of the judicial function... '"  *Sindram v. Suda*, 986 F.2d 1459, 1461 (D.C.Cir. 1993) *(quoting Mullis v. U.S. Bankruptcy Court, Dist. Of Nevada,* 828 F.2d 1385, 1390 (9th Cir. 1987)) *(cited with approval in Jackson v. Houck,* No. 05-7769, slip op. at 2, 2006 WL 1344807 (4th Cir. May 17, 2006) ).  *See also Dieu v. Norton*, 411 F.2d 761, 763 (7th Cir. 1969) ("Defendants Circuit Judge Cotton, court reporter Tellschow and circuit court clerk Block were all acting in the discharge of their official responsibilities[;] [a]s such they were protected by the traditional doctrine of judicial immunity, as this rule of law was not abolished by § 1983 ...").

The doctrine of absolute quasi judicial immunity has been adopted and made applicable to court support personnel because of "the 'danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts(.)'"  *Kincaid v. Vail*, 969 F.2d 594, 601 (7th Cir. 1992), *cert. denied*, *Sceifers v. Vail*, 506 U.S. 1062, 122 L.Ed.2d 152, 113 S.Ct. 1002 (1993), *quoting Scruggs v. Moellering*, 870 F.2d 376, 377 (7th Cir. 1989), *cert. denied*, 493 U.S. 956 (1989).  *See also Ashbrook v. Hoffman*, 617 F.2d 474, 476 (7th Cir. 1980) (collecting cases on immunity of court support personnel).

The Complaint should be summarily dismissed because all defendants are immune from suit.

### 3. 42 U.S.C. § 1997e(e)

The Complaint requests damages based on mental pain and suffering.  Because the plaintiff is a prisoner, 28 U.S.C. § 1997e(e) applies to limit any recovery for mental or

psychological damages. Title 28 U.S.C. § 1997e(e) states "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." Since the only relief requested is for mental pain and suffering, the Complaint fails to request relief which can be granted.

## **Recommendation**

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez, supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Boyce v. Alizaduh, supra*; *Todd v. Baskerville, supra*, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B)(ii); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

Respectfully submitted,

s/Thomas E. Rogers, III

October 25, 2006  
Florence, SC

Thomas E. Rogers, III  
United State Magistrate Judge

### Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation" & The Serious Consequences of a Failure to Do So

The petitioner is hereby notified that any objections to the attached Report and Recommendation must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976).

During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** See Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), cert. denied, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), cert. denied, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * *  We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

Accord Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

See also Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review").

**This notice apprises the petitioner of the consequences of a failure to file specific, written objections.** See Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503**